He v. Bondi

BIA
A202 021 775

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11ᵗʰ day of February, two thousand twenty-five.

PRESENT:
>    GERARD E. LYNCH,
>    RICHARD J. SULLIVAN,
>    BETH ROBINSON,
>        *Circuit Judges.*

_____

CHAO HE,
>        *Petitioner,*

>    v.                                                        **23-7248**
>                                                             NAC

PAMELA BONDI, UNITED STATES
ATTORNEY GENERAL,
>        *Respondent.**

_____

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Pamela Bondi is automatically substituted for former Attorney General Merrick B. Garland as Respondent.

**FOR PETITIONER:**            Daniel W. Worontzoff, Esq., The Worontzoff Law Office, PLLC, Flushing, NY.

**FOR RESPONDENT:**            Brian M. Boynton, Principal Deputy Assistant Attorney General; David J. Schor, Senior Litigation Counsel; Jesse D. Lorenz, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Chao He, a native and citizen of the People's Republic of China, seeks review of a September 15, 2023 decision of the BIA denying his second motion to reopen his removal proceedings. *In re Chao He*, No. A202 021 775 (B.I.A. Sept. 15, 2023). We assume the parties' familiarity with the underlying facts and procedural history.

We review the denial of a motion to reopen for abuse of discretion, *see Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168–69 (2d Cir. 2008), but "use[] [our] own judgment as to whether counsel was effective," *Changxu Jiang v. Mukasey*, 522 F.3d 266, 270 (2d Cir. 2008) (internal quotation marks omitted); *see also Paucar v. Garland*, 84 F.4th 71, 80 (2d Cir. 2023) ("We review constitutional claims and questions of law *de novo*.").

"An alien may file one motion to reopen proceedings," and "the motion to reopen shall be filed within 90 days of the date of entry of a final administrative order of removal." 8 U.S.C. § 1229a(c)(7)(A), (C)(i); *see also* 8 C.F.R. § 1003.2(c)(2). It is undisputed that He's October 2020 motion to reopen was number-barred, given his prior motion, and was untimely, as he filed it more than two years after his 2018 removal order. The BIA did not err in finding that He failed to state an ineffective assistance claim as required for equitable tolling, and we lack jurisdiction to review the BIA's decision not to reopen *sua sponte*, meaning on its own initiative.

Ineffective assistance of counsel may provide a basis for equitable tolling of the time and number limitations on a motion to reopen. *See Cekic v. INS*, 435 F.3d 167, 170 (2d Cir. 2006). A movant must "show . . . that competent counsel would have acted otherwise, and . . . that he was prejudiced by his counsel's performance." *Rashid v. Mukasey*, 533 F.3d 127, 131 (2d Cir. 2008) (internal quotation marks omitted). "To establish prejudice in this context, [a movant] must show that, but for counsel's unprofessional errors, there is a reasonable probability the [immigration judge] would have granted the relief . . . requested." *Paucar*, 84 F.4th at 80 (internal quotation marks omitted). In other words, "[t]o demonstrate prejudice," a petitioner must "make a *prima facie* showing that, but

for counsel's ineffectiveness, he would have been eligible for asylum relief, and could have made a strong showing in support of his application." *Scarlett v. Barr*, 957 F.3d 316, 326 (2d Cir. 2020) (alteration accepted and internal quotation marks omitted).

He did not meet this burden. *First*, He did not establish a "reasonable probability" that additional questioning about his mental health would have resulted in a grant of asylum. To qualify for asylum based on witnessing his mother being taken for a forced abortion, He was required to demonstrate that he (1) "shares . . . the characteristic that motivated persecutors to harm" his mother; (2) "was . . . within the zone of risk" when his mother was persecuted; and (3) "suffered some continuing hardship after the incident." *Tao Jiang v. Gonzales*, 500 F.3d 137, 141 (2d Cir. 2007). He's new evidence of his continuing mental health issues has no bearing on the first factor, and he did not elsewhere allege or establish that he shared the characteristic that led to his mother's persecution, as he had not himself violated the family-planning policy. *See id.* at 141–42 (rejecting asylum claim based on mother's persecution). Thus, He has not shown that with the additional evidence or further questioning he would have "made a strong showing" in support of asylum. *Scarlett*, 957 F.3d at 326; *see also Paucar*, 84 F.4th at 80.

4

*Second*, He failed to establish a *prima facie* claim for asylum based on his Christian faith. His motion to reopen did not allege past harm as a Christian. Absent past persecution or evidence that Chinese authorities were aware that he is a Christian, He had the burden to show that authorities would become aware of his practice and persecute him for that practice. *See Hongsheng Leng v. Mukasey*, 528 F.3d 135, 142–43 (2d Cir. 2008) (requiring a "reasonable possibility" that authorities would become aware of the prohibited activities (internal quotation marks omitted)). He presented no evidence on that point—country conditions or otherwise—in his second motion to the BIA, which is what we review here. As the Government points out, because He did not attach or reference country conditions evidence in his motion, he did not exhaust the arguments he makes here. *See Punin v. Garland*, 108 F.4th 114, 124 (2d Cir. 2024) ("[W]hen an argument made to this Court cannot be closely matched up with a specific argument made to the BIA, it has not been properly exhausted[,] and we cannot hear it.").

The only remaining basis for reopening was the BIA's authority under 8 C.F.R. § 1003.2(a) to reopen *sua sponte*, meaning on its own discretion. However, we lack jurisdiction to review the BIA's "entirely discretionary" decision declining to reopen *sua sponte*. *Li Chen v. Garland*, 43 F.4th 244, 251–52 (2d Cir. 2022) (internal quotation marks omitted).

For the foregoing reasons, the petition for review is DENIED.   All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court